GEORGE H. MOORE et al., as Executors, etc., Respondents, *v.*
   THE NEW YORK ELEVATED RAILROAD COMPANY et al., /𝛿𝒥-/𝒪𝒥.
   Appellants.

*It seems* that any fact once found and embodied in a judgment must be
   regarded as final and conclusive between the parties thereto and their
   privies whenever and wherever the question subsequently arises.

Upon the trial of an action to recover damages to plaintiff's premises
   arising from the construction, maintenance and operation of an elevated
   railroad in a street on which they fronted, his counsel requested the
   court to rule that the findings and decision of the court in a judgment-
   roll in a former action put in evidence, to the effect that " the injury to
   the plaintiff by reason of the existence and the operation of the elevated
   railroad before her building during the period covered by the judgment
   was $300 a year, is conclusive evidence upon that point." The court
   refused the request. The judgment-roll was not contained in the record
   and it did not appear whether the refusal was based upon a disbelief
   in the correctness of the request as matter of law or on his mis-
   taken recital of the contents of the roll. *Held*, that error could not be
   assumed, and so it could not be assumed the judgment-roll contained
   any finding or decision as stated in the request, or that the court com-
   mitted an error in refusing it.

The court stated to the jury the amount of annual loss sustained by plain-
   tiff, as testified to by defendants' witnesses, caused by the maintenance
   and operation of defendants' road, and charged that they must find
   a verdict for not less than that sum, with interest. *Held* error, that
   while in such actions the jury may in their discretion award damages
   incapable of liquidation by computation, they are not bound to do so.

(Argued April 21, 1891; decided June 2, 1891.)

APPEAL from judgment of the General Term of the Superior
Court of the city of New York, entered upon an order made
December 5, 1890, which affirmed a judgment in favor of
plaintiff, entered upon a verdict and affirmed an order denying
a motion for a new trial.

This action was brought to recover damages for injuries to
the property of Margaret W. Duyckinck, deceased, plaintiff's
testatrix, caused by the construction, maintenance and opera-
tion of defendant's elevated railroad in Pearl street in the city
of New York, upon which said premises fronted.

The following is the opinion in full.

" The defendant's counsel seeks to review the decision of
the trial court in refusing his request to rule ' that the findings

and decision of the court in the judgment-roll put in evidence, to the effect that the injury to the plaintiff by reason of the existence and the operation of the elevated railroad before her building during the period covered by that judgment was $300 a year, is conclusive as evidence upon that point.'

"We think the point is not presented with sufficient clearness. The judgment-roll is not attached to the record herein and we have no means of knowing what its contents were or what facts were decided in it. The defendants' counsel in his request to the court, assumes to describe it, and the court denies the request, but whether such denial is based upon a disbelief of the correctness of the request of counsel as matter of law, or because of his mistaken recital of the contents of the roll, does not appear.

"We cannot assume error, and hence even if we should hold that the judgment would be conclusive between the parties to this action upon the fact of the amount of injuries sustained by the plaintiff by reason of the existence of the railroad and its operation during the period covered by such judgment, we cannot say that the judgment contains any finding or decision of that nature and, therefore, we cannot say the court committed any error in refusing to rule upon the subject in accordance with the defendants' request. Speaking generally it may be said that any fact once found and embodied in a judgment, must be regarded as final and conclusive between the parties thereto and their privies whenever and wherever the question subsequently arises.

"The judgment herein must, however, be reversed for misdirection contained in the charge of the learned judge to the jury. There was conflicting evidence as to the amount of damage caused to plaintiff's property by the erection and operation of the defendants' railroad. The court said to the jury that 'the evidence shows that a loss has been occasioned to the plaintiff, and that loss is put by the defendants' experts at the sum of $200 a year, and you must find a verdict for the plaintiff in not less than the sum of $200 a year, and such sums for interest as I shall hereafter refer you to.' In a subsequent portion of the charge, the learned judge said: 'Now, if the plaintiff is entitled to recover, she is entitled to recover at least

the sum of $200, as I told you, and she is also entitled to recover interest on that $200 from the first day of May of each succeeding year. * * * She was entitled to it at that time; she is entitled to recover interest from that time. * * * Your verdict must be for a sum in gross, and it must include the yearly interest I have mentioned.'

"This charge was erroneous. In actions of this nature, while the jury have the right, in their discretion, to award interest upon unliquidated damages incapable of liquidation by computation, yet they are not bound to do so. (*Walrath* v. *Redfield*, 18 N. Y. 457, 462; *Home Ins. Co.* v. *Penn. R. R. Co.*, 11 Hun, 182, 188; *Mairs* v. *Manhattan Real Estate Assn.*, 89 N. Y. 498; *Duryee* v. *Mayor, etc.*, 96 id. 477, 499.) We do not know what principal sum the jury found as damages upon which to base the calculation for interest, and it does not appear what the amount of interest was which the jury allowed, and we cannot, therefore, make an order granting a new trial in the alternative, unless the plaintiffs consent to deduct the interest.

"The exception to the charge of the learned judge was sufficiently specific to raise the question.

"The judgment should be reversed and a new trial granted, costs to abide the event."

*Brainard Tolles* for appellants.

*A. Edward Woodruff* for respondents.

PECKHAM, J., reads for reversal.
All concur.
Judgment reversed.